IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Stephanie L. Alexander, ) | |
| ) | C/A No. 3:10-1725-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| John M. McHugh, Secretary, Department ) | |
| of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      Plaintiff Stephanie L. Alexander is an employee of the Department of the Army who currently works at Fort Jackson near Columbia, South Carolina. Plaintiff, proceeding pro se, filed a complaint on July 2, 2010, asserting that she has been subjected to discrimination on account of her religion, which is Jewish. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e et seq. ("Title VII") against John M. McHugh, Secretary of the Department of the Army.

      This matter is before the court on motion to dismiss filed by Defendant on October 27, 2010. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendant's motion on November 2, 2010. Also before the court is Plaintiff's motion for summary judgment, which motion was filed on February 23, 2011. Defendant filed a response in opposition to Plaintiff's motion on March 8, 2011.

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was

referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On April 15, 2011, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff was required to exhaust her administrative remedies as a prerequisite to bringing this action. Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed objections to the Report and Recommendation on April 21, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

It appears that Plaintiff filed an informal Equal Employment Opportunity (EEO) complaint against Defendant with the Fort Jackson, South Carolina EEO Office on May 14, 2004. Plaintiff alleged religious discrimination in connection with her position at the United States Army Chaplain Center and School. Compl. 3, ECF No. 1. Plaintiff subsequently filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) on June 23, 2004. Id. A hearing was held before an Administrative Judge from the EEOC Office of Federal Operations on October 20 and 21, 2005, and November 7, 2005. A decision in Plaintiff's favor was issued on February 8, 2006. Id. The Administrative Judge awarded Plaintiff $2,000 in pecuniary damages and $60,000 for

nonpecuniary damages. Mot. to Dismiss 2, ECF No. 18. Defendant appealed the Administrative Judge's decision to the EEOC. The EEOC upheld the findings of discrimination in part, found insufficient evidence to support the Administrative Judge's award of pecuniary damages and reduced the award of nonpecuniary damages to $32,000. Id. at 3.

Plaintiff concedes that her original complaint was disposed of by the EEOC. Compl. 4, ECF No. 1. Plaintiff further acknowledges that she "expresses no general unhappiness with the April 2010 decision of the EEOC." Obj. To Mot. to Dismiss 3, ECF No. 21. However, Plaintiff alleges that "conditions of a double standard and religious discrimination and agency negligence against [Plaintiff] as a member of the Jewish faith continues to this very day." Comp. 4, ECF No. 1.

## II. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in determining that Plaintiff is required to exhaust her administrative remedies prior to bringing this complaint. The court disagrees.

Title VII creates a right of action for both private-sector and certain federal employees who allege employment discrimination on the basis of race, color, religion, sex, or national origin. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (citing 42 U.S.C. § 2000e-5(f)(1) (private-sector employees); 42 U.S.C. § 2000e-16(c) (federal employees)). However, all employees alleging such discrimination, whether private-sector or federal, must exhaust their administrative remedies before exercising this right. Id. (citing cases). A federal employee who believes that her employing agency discriminated against her in violation of Title VII must file an administrative complaint with the agency. Id. (citing 29 C.F.R. § 1614.106). The agency investigates the claim, see 29 C.F.R. § 1614.108-109, and, if it concludes there was no discrimination, it issues a final agency decision to that effect, see 29 C.F.R. § 1614.110. Id.. The employee may then appeal the agency's decision to

the Office of Federal Operations ("OFO"). Id. (citing 29 C.F.R. § 1614.401(a)). If the employee is "aggrieved" by the OFO's decision, she then may seek judicial review of her discrimination claim. Id. at 416-17 (citing 42 U.S.C. § 2000e-16(c), 29 C.F.R. § 1614.407(c)).

In this case, Plaintiff has not sought administrative relief for discriminatory conduct that she alleges has occurred since the conclusion of her prior EEOC claim. In providing aggrieved federal employees a private right of action in federal court, 42 U.S.C. § 2000e-16 requires that federal employees exhaust their administrative remedies prior to commencing such an action. Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004). Plaintiff's objection is without merit.

### III. CONCLUSION

For the reasons stated, the court concurs in the recommendation of the Magistrate Judge and incorporates the Report and Recommendation herein by reference. Defendant's motion to dismiss (ECF No. 18) is **granted**, *without prejudice*. Plaintiff's motion for summary judgment is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

September 12, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**